James J. Davis, Jr., AK Bar No. 9412140
Aneliese Palmer, AK Bar No. 2201001
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: jdavis@njp-law.com
Email: apalmer@njp-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RYAN BRADSHAW,<br><br>           Plaintiff,<br><br>vs.<br><br>NANCY DAHLSTROM, in her individual capacity; and JEN WINKELMAN, in her individual capacity,<br><br>           Defendant. | Case No. 3:24-cv-00266<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

COMES NOW, Plaintiff Ryan Bradshaw, by and through counsel, the Northern

Justice Project, LLC, and alleges and requests relief as follows:

**INTRODUCTION**

1.      The prohibition against ex post facto punishment "embodies a legal doctrine

centuries older than our Republic . . . [it] is an essential thread in the mantle of protection

that the law affords the individual citizen." *Lynce v. Mathis*, 519 U.S. 433, 439 (1997). This

principle is so important, in fact, that the Founders included it twice in the Constitution. U.S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1.

2.     The guarantee against retroactive punishment is particularly important for plea negotiations, where defendants are entitled to "fair notice" of their sentence before striking a bargain with the state. *Weaver v. Graham*, 450 U.S. 24, 30 (1981).

3.     As such, the Supreme Court has held that the ex post facto clause applies to all aspects of a person's sentence, including the ability to earn good time credits. *Id.*

4.     When Plaintiff Ryan Bradshaw plead guilty to two offenses from June 2018, he relied on the expectation that he would be eligible to receive 30-day earned compliance credits to reduce his probation.

5.     In July 2019, then-Commissioner of the Department of Corrections ("DOC") Nancy Dahlstrom promulgated policy that both reduced the length of earned compliance credits and excluded Plaintiff from receiving them.

6.     Despite clear precedent from the United States Supreme Court that the state cannot retroactively reduce an offender's ability to earn good time credits, Defendant Dahlstrom's policy applied to Plaintiff and stripped his ability to earn 30-day compliance credits.

7.     In September 2022, despite a ruling from the Alaska Superior Court that it was unconstitutional to apply the policy retroactively, DOC Commissioner Jen Winkelman failed to amend the policy, and it continued to apply to Plaintiff.

8.     In February 2024, the DOC finally granted Plaintiff his 30-day credits and determined that Plaintiff's probation should have ended August 2022. He was released.

2

9.     Plaintiff brings this action to recover damages from being unconstitutionally held on probation for over 18 months.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     Pursuant to § 1391(b), venue is proper in the District of Alaska because the events or omissions giving rise to this action wholly or substantially occurred within the district.

## PARTIES

12.     Plaintiff Ryan Bradshaw is a natural person who is a citizen of the United States and a resident of Alaska. During all relevant times, he resided in Juneau, Alaska and Anchorage, Alaska. He currently resides in Anchorage.

13.     Defendant Nancy Dahlstrom is a natural person and resident of Alaska. She was the Commissioner of the DOC from approximately December 2018 to May 2022. Defendant Dahlstrom is sued in her individual capacity.

14.     Defendant Jen Winkelman is a natural person and resident of Alaska. She has been the Commissioner of the DOC since approximately May 2022. Defendant Winkelman is sued in her individual capacity.

## FACTUAL ALLEGATIONS

15.     Ryan Bradshaw was charged with five criminal offenses for conduct that occurred between June 20, 2018 and June 23, 2018. Mr. Bradshaw ultimately plead guilty

to vehicle theft and third-degree assault, and a judgment was entered against him on March 12, 2019. The terms of Mr. Bradshaw's sentence included 36 months of probation.

16.     At the time of Mr. Bradshaw's offenses, Alaska Senate Bill 91 ("SB 91") was in effect.

17.     Under SB 91, the Commissioner of the Alaska Department of Corrections ("DOC") was required to implement "by regulation a program allowing probationers to earn credits for complying with the conditions of probation. The credits earned reduce the period of probation." AS 33.05.020(h).

18.     These credits are commonly referred to as "earned compliance credits," or ECCs.

19.     Under SB 91, AS 33.05.020(h)(1) provided that "[a]t a minimum, the regulations must . . . require that a probationer earn a credit of 30 days for each 30-day period served in which the defendant complied with the conditions of probation."

20.     Before Mr. Bradshaw agreed to the plea agreement, he was advised by his public defender that he would receive three years of probation but that this could be reduced with ECCs. He took that into account when deciding whether to accept the plea agreement.

21.     In July 2019, over one year after Mr. Bradshaw's offense occurred and three months after he had been sentenced, the Alaska State Legislature enacted Alaska House Bill 49 ("HB 49").

22.     HB 49 modified AS 33.05.020(h)(1) to award a 10-day credit per compliance period, rather than the 30-day credit required under SB 91.

23.     HB 49 also prohibited probationers from earning ECCs when the underlying offense is a felony crime against a person, such as assault.

24.     On July 25, 2019, Defendant Nancy Dahlstrom promulgated DOC Policy 902.09, titled "Earned Compliance Credits." The policy codified the requirements of HB 49, including that probationers will earn a 10-day ECC for each calendar month in compliance with the terms of their probation. The policy also disqualified probationers from receiving ECCs when the underlying offense is a felony crime against a person.

25.     By its own terms, Policy 902.09 applied to all probationers regardless of when their offenses occurred.

26.     Policy 902.09 superseded the previous DOC policy regarding ECCs.

27.     Because of this policy, Mr. Bradshaw was not awarded 30-day ECCs as required by the version of AS 33.05.020(h)(1) that was in place under SB 91.

28.     In January 2024, Mr. Bradshaw's public defender realized that Mr. Bradshaw should be receiving 30-day ECCs under the prior version of AS 33.05.020(h)(1).

29.     On February 20, 2024, Mr. Bradshaw's counsel filed a motion to award him 30-day ECCs and discharge him from probation.

30.     Later that day, the DOC issued a "Notice Of End Of Supervision Due to Earned Compliance Credits," which awarded Mr. Bradshaw the ECCs and ended Mr. Bradshaw's probation "effective" August 30, 2022.

31.     Thus, according to DOC's own calculations, Mr. Bradshaw would have been released from probation in August 2022 had he been awarded the appropriate ECCs under the prior version of AS 33.05.020(h)(1).

32.     As a result, Mr. Bradshaw was unconstitutionally kept on probation from August 30, 2022, until February 20, 2024.  If Mr. Bradshaw's public defender had not raised the issue, it is likely he would have been kept on probation for even longer.

33.     During the period of his unconstitutional probation, Mr. Bradshaw's liberty and privacy were severely restricted. For example, he could not freely travel outside of Juneau or visit his family in the Lower 48. He was forced to wear an ankle monitor. He could not drink, buy, or be near alcohol. He could not own a gun or certain knives. He had to undergo monthly scheduled drug screenings and was subjected to random drug screenings. He had limited privacy rights and was subjected to random searches of his home, car, and phone. He could not associate with persons with a criminal history or go to a house that had alcohol.

34.     In addition to limiting his liberty and privacy, the unconstitutional probation affected his ability to get a job, hurt his relationships, and caused an immense amount of emotional distress.

## FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

35.     Mr. Bradshaw repeats and incorporates by references the allegations in the preceding paragraphs.

36.     The United States Constitution prohibits the government from retroactively increasing the punishment for a crime. U.S. Const., Art. I, § 10, cl. 1. This "ex post facto" clause ensures that individuals will be given fair notice of their punishment and protects defendants "engaged in negotiations that may lead to an acknowledgment of guilt and a suitable punishment." *Lynce v. Mathis*, 519 U.S. 433, 440 (1997).

37. In *Weaver v. Graham*, 450 U.S. 24 (1981), the Supreme Court held that the ex post facto clause applies to "grace statutes," i.e., laws that reduce a sentence for good conduct. In *Weaver*, the Court considered a near identical fact pattern: at the time of the plaintiff's plea deal, a statute was in effect that granted credits for good conduct. The state legislature later amended the law to reduce the number of credits. Although the law did not increase plaintiff's sentence, the Court held that applying it to him violated the ex post facto clause because it reduced his ability to earn credits and thus postponed his potential release.

38. Since 1981, the Supreme Court has extended and reaffirmed *Weaver*'s holding that a government cannot retroactively reduce an offender's ability to earn good time credits. *See, e.g., Lynce v. Mathis*, 519 U.S. 433, 440 (1997).

39. Defendants' conduct flies in the face of this well-established precedent.

40. Pursuant to AS 33.05.020(h), the DOC Commission is responsible for implementing the policies and regulations for awarding ECCs.

41. On July 15, 2019, Defendant Dahlstrom implemented DOC Policy 902.09, which applied HB 49 to all probationers regardless of when their offenses occurred.

42. Defendant Dahlstrom instituted this policy despite *Weaver*'s clear holding that retroactively applying a more onerous "grace statute" is unconstitutional.

43. On September 20, 2022, the Alaska Superior Court held that applying HB 49 to probationers whose crimes were committed under SB 91 created an ex post facto law in violation of the United States Constitution. *See* Order Denying Dept. of Corr. Mot. Re:

7

Earned Compliance Credits, *State v. Knight*, Case No. 4BE-17-00559 (Alaska Sup. Ct. Sep. 20, 2022).

44.     Despite this, DOC Commissioner Jen Winkelman did not update or amend DOC Policy 902.09, and it continued to be applied to Mr. Bradshaw.

45.     Pursuant to Policy 902.09, Mr. Bradshaw did not receive the 30-day ECCs he was entitled to under SB 91 until February 20, 2024. This extended his probation by one and a half years.

46.     As a direct and proximate result of Defendants' actions, Mr. Bradshaw suffered economic and non-economic harms, including emotional distress and the loss of his liberty and privacy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Find that Defendants violated his constitutional rights;

(2) Award actual, compensatory, and punitive damages against the Defendants;

(3) Award the costs and expenses of litigation, including attorney fees;

(4) Order any and all other relief as the Court deems necessary.


DATED this 6th day of December, 2024.

NORTHERN JUSTICE PROJECT, LLC
Attorneys for Plaintiff

By: /s/ Aneliese Palmer
    James J. Davis, Jr., AK Bar No. 9412140
    Aneliese Palmer, AK Bar No. 2201001